IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HOME BASKET COMPANY, ) | |
| LLC, d/b/a GREENBRIER BASKET ) | |
| COMPANY, ) | |
|      ) | |
|      Plaintiff, ) | |
|      ) | |
| v.      ) | Case No. 04-1289-MLB |
|      ) | |
| DECKS R US, INC., ) | |
|      ) | |
|      Defendant. ) | |
|      ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to amend its complaint to (1) add Charles Levin as a party and (2) increase its claim of damages from $250,000 to $573,852. (Doc. 19). No opposition has been filed concerning plaintiff's request to amend its damage claim and that portion of the motion shall be granted without further discussion. Defendant opposes the request to add a new party and, as explained in greater detail below, that request shall be denied.

**Background**

This is a breach of contract action. Located in Wichita, Kansas, plaintiff is a wholesale distributor of "home gift decorative products." Defendant is a corporation located in Orange County, Florida and is a distributor of customized playing cards for use in promotions.

Plaintiff alleges that it developed a marketing plan for 2004 involving playing cards and entered into a contract with defendant for the delivery of 5,000 decks of customized cards. Plaintiff contends that defendant breached the contract by failing to meet delivery requirements "until it became too late for plaintiff to salvage its 2004 trade show promotion." Defendant counters that the delay was caused by plaintiff's last-minute order changes and asserts a counter-claim for $4,400 based on plaintiff's failure to pay for the delivered cards.

As noted above, plaintiff moves to add Charles Levin, President of Decks R Us, as a party. In support of its motion, plaintiff asserts:

> 1. The Scheduling Order entered in this matter provided that motions to join additional parties or otherwise amend the pleadings was to be completed by March 1, 2005. At that time, plaintiff did not believe that the addition of Charles Levin ... was necessary, *inasmuch as Mr. Levin acted on behalf of the corporation, Decks R Us, Inc. regarding the claims in this litigation.* (Emphasis added).
>
> 2. Discussions with defendant's counsel have led plaintiff to reasonably believe that Mr. Levin is unconcerned that a judgment in a substantial amount could be entered against Decks R Us, Inc. in this matter. That leads plaintiff's counsel to reasonably believe that Decks R Us is a corporate shell and the alter ego of Charles Levin.
>
> \*\*\*
>
> 4. Plaintiff now has legitimate concerns that if a judgment is [entered] against Decks R Us, that it will be unable to pay the judgment due to the alter ego status of the corporation.

The proposed amendment contains no factual allegations concerning Mr. Levin and merely asserts "[u]pon information and belief, Decks R Us is the corporate shell and the alter ego of Charles Levin."

-2-

## Analysis

The standard for permitting a party to amend its complaint is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[1] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including untimeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996). Defendant argues futility and timeliness in opposing the motion and also asserts that plaintiff is attempting to "rachet-up" the allegations in the case to pressure defendant into abandoning its claim for payment of the customized cards.

## Futility

Defendant contends that the amendment is futile because this is a breach of contract case and persons who contract with corporate entities cannot pierce the corporate veil unless, in addition to proving alter ego, they also show fraud or wrongdoing. McCulloch Gas Trans.

---

[1] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

Co. v. Kansas-Nebraska Natural Gas Co., 768 F.2d 1199 (10th Cir. 1985). Unfortunately, the holding in McCulloch is based on Wyoming state law concerning the alter ego doctrine; therefore, the citation is not controlling in this case.[2] Because the court denies the motion based on arguments concerning timeliness, further discussion of "futility" is unnecessary.

### Timeliness

Defendant argues that the motion to amend is untimely and will significantly affect the costs of defense. The court agrees. The deadline for moving to amend the complaint or to add parties was March 1, 2005 and plaintiff waited until May 6 before moving to amend. As explained in more detail below, the court is not persuaded that comments by defense counsel during settlement discussions excuse the untimely nature of this motion.

This breach of contract case is a relatively simple dispute and the absence of *any* factual allegations in the complaint to support an alter ego theory against Mr. Levin are troubling. At best, plaintiff asserts in its *supporting brief* that defense counsel has expressed that Mr. Levin is unconcerned that a judgment in a substantial amount could be entered against Decks R Us. However, these comments occurred in the course of settlement/mediation discussions and are

---

[2] It is not clear, based on the record before the court, whether Kansas or Florida provides the applicable law in this diversity case. Plaintiff assumes that Kansas law applies.

limited to the context (settlement) in which they were raised.[3] More importantly, defense counsel's comments reflect confidence in defendant's case rather than grounds for piercing the corporate veil. Defendant has consistently taken the position that (1) plaintiff's claim is groundless, (2) this lawsuit was filed in Kansas to avoid a small-claims court action in Florida, and (3) plaintiff is attempting to increase defendant's litigation costs and force a capitulation. Plaintiff has failed to show sufficient reasons for its belated attempt to add a new party.

As noted above, this is a relatively simple case. Both parties have expressed concern over the economics of litigating this case. Given the nature of this case and the untimeliness of plaintiff's motion, the request to add a new party shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc 19-1)** to increase its damage claim from $250,000 to $573,852 is **GRANTED.** Plaintiff's motion to amend **(Doc. 19–2)** to add Charles Levin as a new party and to assert the doctrine of alter ego is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff shall file its amended complaint, consistent

---

[3] Implicit in plaintiff's motion is the contention that the doctrine of alter ego is applicable *whenever* a judgment might exceed a corporation's net assets. The court rejects this contention. By their nature, corporations are recognized business entities designed to protect stockholders and to limit liability to the corporation. Before the corporate veil is pierced or the alter ego doctrine is applied, plaintiff must show fraud or some other "injustice." See, e.g., Doughty v. CSX Transportation, Inc., 258 Kan. 493 (1995)(listing factors considered in applying alter ego doctrine; fact that corporation was created to avoid liability does not in itself justify disregarding corporate entity).

with this opinion, on or before **June 17, 2005.**

Dated at Wichita, Kansas this 9th day of June 2005.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge